UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GEORGE B. ERONINI,

                              Plaintiff,

                v.

UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES,

                              Defendant.

**MEMORANDUM AND ORDER**

18-CV-5200 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff George B. Eronini, proceeding pro se, brings the instant action against Defendant United States Citizenship and Immigration Services ("USCIS") pursuant to 8 U.S.C. § 1252. Defendant moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of subject-matter jurisdiction.

## BACKGROUND[1]

      Plaintiff is a native of Nigeria. (Compl. 4, ECF No. 1.) At some point prior to March 1991, Plaintiff entered the United States. (*Id.*) On March 26, 1991, Plaintiff was convicted of the importation of a controlled substance and sentenced to five years in custody. (*Id.*) Two years later, Plaintiff was resentenced, *nunc pro tunc*, to time served (the "Sentence Reduction"), and released from custody. (*Id.*) According to the complaint, USCIS began deportation proceedings against him on August 2, 1995 based on its retroactive application of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRAIRA") and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (*Id.*) On January 22, 1999,

---

[1] The following facts are taken from the complaint, (ECF No. 1.), allegations in which are assumed to be true for the purpose of this memorandum and order, as well as any materials incorporated therein and public documents of which the Court may take judicial notice. Citations to the complaint and all exhibits refer to the pagination assigned by the Court's ECF system.

Immigration Judge Noel Ferris ordered Plaintiff deported to Nigeria. (Decl. of Sheldon Smith ("Smith Decl."), Ex. A. 7, ECF No. 12-1.) On March 26, 2014, on remand from the Board of Immigration Appeals ("BIA") following Plaintiff's appeal of Immigration Judge Ferris's decision, Immigration Judge Gabriel C. Videla ordered Plaintiff deported to Nigeria, but granted Plaintiff's application for deferral under the Convention Against Torture. (Smith Decl., Ex. D 34, ECF No. 12-1.) Plaintiff filed the instant action on September 14, 2018, requesting that the Court: (1) find that the deportation proceedings against him were arbitrary, and restore him to his previous immigration status; (2) find that Defendant's retroactive application of the IIRAIR and AEDPA laws was illegal; or (3) find that Plaintiff's "case for voidance of [his] deportation order . . . is fully supported by [Defendant's] failure to give full faith and credit to the [Sentence Reduction]." (Compl. 5.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp.2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir.2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v.*

*Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

Defendant contends that the Court lacks subject-matter jurisdiction over the complaint because Plaintiff's allegations amount to a challenge to a valid deportation order which only the Second Circuit may consider. (Defendant's Motion ("Def.'s Mot.") 6, ECF No. 12.) The Court agrees.

Pursuant to 8 U.S.C. § 1252(a)(5), "[n]otwithstanding any other provision of law . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [chapter 8][.]" 8 U.S.C. § 1252(a)(5). In effect, § 1252(a)(5) "streamline[s] judicial scrutiny of removal orders by consolidating those proceedings in one forum and [] eliminate[s] the possibility of piecemeal challenges." *Singh v. United States Citizenship & Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017), *as amended*, (Jan. 9, 2018) ("*Singh II*"). A "petition for review" under this statute includes challenges to orders for removal entered by the BIA, like the one at issue in this case. *See Singh II*, 878 F.3d at 445.

Plaintiff asks this Court to: (1) find that the deportation proceedings against him were arbitrary, and restore him to his previous immigrant status; (2) find that Defendant's retroactive application of the IIRAIR and AEDPA laws was illegal; or (3) find that Plaintiff's "case for voidance of [his] deportation order . . . is fully supported by supported by [Defendant's] failure to give full faith and credit to the [Sentence Reduction]." (Compl. 5.) In other words, Plaintiff

3

challenges the BIA's removal order.  That is, to grant Plaintiff's request would require the Court effectively to set aside the removal order.  The Court's review of Plaintiff's claims is therefore barred under § 1252(a)(5).

In a failed attempt to avoid dismissal of his complaint, Plaintiff maintains that the complaint is not a challenge to the removal order but instead "arises out of the lingering questions of separation of powers and abuse of executive power and discretion by the executive branch."  (Plaintiff's Opposition ("Pl.'s Opp.") 2, ECF No. 12-2.)  Specifically, Plaintiff contends that his complaint seeks "to address a constitutional question of whether USCIS acted within the parameters of its authority or . . . [USCIS's] action [ran] afoul [of] the Fourth, Fifth, and Twenty-Seventh Amendments of the Constitution."  (*Id*. 1-2.)

Generously, and at most, the Court construes Plaintiff's complaint as a challenge brought under the Administrative Procedure Act (the "APA").  That construction is of no help to Plaintiff.  It is true that under the APA federal courts are generally authorized to "'hold unlawful and set aside' federal agency actions that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  *Singh II*, 878 F.3d at 445 (quoting 5 U.S.C. § 706(2)(A)).  "However, the APA does not empower courts to set aside agency actions where other 'statutes preclude judicial review.'"  *Id*. (quoting 5 U.S.C. § 701(a)(1)).  As such, courts in the Second Circuit have dismissed complaints like the one here, reasoning that the limitations imposed by § 1252(a)(5) preclude judicial review of removal orders under the APA.  *See Noor v. Homan*, No. 17-CV-1558, 2018 WL 1313233, at *4 (E.D.N.Y. Feb. 27, 2018) ("Regarding Plaintiff's request for an adjustment in his status, this Court also lacks jurisdiction because the request, in effect, challenges a removal order. . . . The practical effect of changing Plaintiff's status to that of a legal permanent resident would be to void the removal order."); *Singh v.*

4

*United States Citizenship & Immigration Servs.*, No. 15-CV-1411, 2016 WL 1267796, at *1 (S.D.N.Y. Mar. 30, 2016), *aff'd*, 878 F.3d 441 (2d Cir. 2017), *as amended*, (Jan. 9, 2018) (concluding that the court lacked subject-matter jurisdiction pursuant to § 1252(a)(5) because the plaintiff's challenge constituted an indirect challenge to his order of removal).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of subject-matter jurisdiction is GRANTED, and the complaint is dismissed in its entirety.

In light of his pro se status, Plaintiff is granted leave to file an amended complaint within 30 days from the entry of this memorandum and order. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this memorandum and order. Failure to file an amended complaint within 30 days, as directed by this memorandum and order, will result in dismissal of Plaintiff's case for failure to prosecute.

SO ORDERED.

Dated: Brooklyn, New York  
      March 30, 2020

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge